# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

**GERALDINE ROBINSON**

Case No.  : 2:20-cv-2768

Plaintiff,

v.

**ST JUDE CHILDREN'S RESEARCH HOSPITAL, INC.,**

Defendant.

---

### PLAINTIFF GERALDINE ROBINSON'S COMPLAINT FOR DISCRIMINATION

---

The Plaintiff, Geraldine Robinson, by and through her attorney of record, based on claims against Defendant, requests damages in an amount to be determined by a jury.  In support of her Complaint, Plaintiff states as follows:

### JURISDICTION, VENUE AND PARTIES

1.  Plaintiff brings this action under the laws of the United States of America, in particular Title VII of the Civil Rights Act of 1964, coded as 42 U.S.C. § 2000e, as amended by § 1981a. (Hereinafter, "Title VII").  This Court's Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and § 1343.

2.  Plaintiff brings this action under the laws of the United States of America.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) inasmuch as Plaintiff's causes of action arose in the Western District of Tennessee.

## NATURE OF THE ACTION AND RELIEF SOUGHT

3.  This is an employment discrimination case by an employee of "ALSAC" alleging a continuing series of discriminatory conduct against her because of her race and age.

4.  Plaintiff seeks a declaration that the acts of the defendant negligently, intentionally and unlawfully discriminated against her because of her race, and age discrimination, appropriate injunctive relief, lost pay, compensatory and non-compensatory damages in an amount to be determined at a jury trial.

## THE PARTIES

5.  Plaintiff Geraldine Robinson is an African American female individual and a resident of the State of Tennessee, residing in Shelby County.

6.  Defendant is responsible for medical services and research for people with medical conditions.  Defendant is a domestic corporation with its principal office located at 262 Danny Thomas Pl Stop 280, Memphis TN 38105.  Defendant's registered agent for service in Tennessee is Robyn Diaz at 262 Danny Thomas Pl. Stop 280, Memphis, TN 38105

7.  At all times relevant hereto, the Defendant acted negligently, intentionally, deliberately, maliciously and with willful disregard for the Plaintiff's rights to be free from discrimination as to her race, age, and in further willful disregard for her rights to exercise rights guaranteed her under the Fourteenth Amendment to the United States Constitution.

8.  At all times material hereto, Defendant acted or failed to act through its authorized agents, servants, workmen and employees who were at all times then and there acting within the course and scope of their authority and employment.   Defendant is strictly

2

liable for the acts and failures to act of its supervisory personnel.

9.  The acts and failures to act complained of herein, were allowed and only occurred because Defendant, as a matter of custom, policy and/or practice intentionally and deliberately failed to adequately train, supervise, discipline, or otherwise direct its authorized agents concerning national origin and religious employment discrimination and retaliation, as a further matter of custom, policy and/or practice intentionally and deliberately failed to put in place, implement and/or establish management policies and procedures that would impact fairly upon all its employees, regardless of their race, and color, thereby causing, encouraging, fostering and fomenting its supervisory agents in this case to engage in the unlawful and illegal conduct described herein.

## ADMINISTRATIVE PROCEDURES

10. Plaintiff filed charges of race, and age discrimination against the Defendant with the District Office of the Equal Employment Opportunity Commission, Charge No. 490-2019-01949, on November 18, 2019. (See Exhibit 1)

11. Plaintiff was issued a right to sue letter from the EEOC and August 12, 2020.  The right to sue letter provided that Plaintiff had ninety (90) days to file a civil action in the appropriate United States District Court.  (See Exhibit 2)

12. Ms. Robinson timely filed this current action on October 19, 2020.

## . BACKGROUND ALLEGATIONS

13. At the time of Defendant's discriminatory act, Ms. Robinson was a Nurse Professional Development Educator II.

14. Ms. Robinson was hired on May 7, 1990 and had never been disciplined for the entirety of her employment.

15. Samantha Ransome, a White female, was promoted to supervisor over the Plaintiff eight

months or so prior to her termination.

16. Samantha Ransome never provided the Plaintiff with any goals or objectives, but eight months after she assumed the job of supervisor, she arbitrarily stated that Plaintiff was not meeting expectations.

17. Plaintiff also contends that she never received any counseling forms from Defendant, and she was never placed on a performance improvement plan.

18. Samantha Ransome is significantly younger than the Plaintiff and appeared to be intimidated by the Plaintiff's experience and length of service.

19. In the past when non-minorities and younger individuals were terminated for performance related issues, they were given an opportunity to improve their performance. They were also given counseling statements and received some type of remedial training.

20. Defendant usurped its normal process because of the Plaintiff's race and age.

21. Plaintiff was replaced by Jennifer Mazur, a White female that was younger than the Plaintiff and was hired after the Plaintiff.

## COUNT I:   VIOLATION OF TITLE VII

22. The allegations contained in all preceding paragraphs are incorporated here as if set forth fully and here reiterated in their entirety.

23. The acts and failures to act of Defendant by and through its supervisory agents, workmen, agents and employees, constituted an unlawful employment practice in that they discriminated against the Plaintiff with respect to the terms and conditions of her employment because of her race and age.

24. Defendant is strictly liable for the acts and failures to act of its supervisory personnel.

25. The acts and failures to act of Defendant constituted an unlawful employment proscribed by 42 U. S. C. §2000e-2(a)(1).

**WHEREFORE**, the Plaintiff demands judgment against the Defendant in an amount in to be determined at a jury trial and for all attorney's fees as allowed by 42 U. S. C. §1988.

### COUNT II:  VIOLATION OF 42 U. S. C. § 1981

26. The allegations contained in all preceding paragraphs are incorporated here as if set forth fully and here reiterated in their entirety.

27. Defendant failures to act constituted intentional race discrimination proscribed by 42 U. S. C. § 1981.

28. Defendant's acts and failures to act, by and through its agents, were allowed to occur and were encouraged, fostered and fomented only because Defendant as a matter of custom, policy and/or practice intentionally and deliberately ignored earlier complaints and grievances and failed to adequately train, supervise, discipline, or otherwise direct its agents concerning race discrimination.

29. As a further matter of custom, policy and/or practice, Defendant intentionally and deliberately failed to put in place, implement and/or establish management policies and procedures that would impact fairly upon all its employees, regardless of their race, thereby causing, encouraging, fostering and fomenting its agents to engage in the unlawful and illegal national origin discrimination described herein.

30. The acts and failures to act of Defendant were proscribed by 42 U. S. C. §1981.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant in an amount in to be determined at a jury trial and for all attorney's fees as allowed by 42 U. S. C. §1988.

Respectfully submitted,

/s/Darrell J. O'Neal
Darrell J. O'Neal (BPR #20927)
LAW OFFICE OF DARRELL J. O'NEAL
2129 Winchester Road
Memphis, Tennessee 38116
(901) 345-8009
domemphislaw@darrelloneal.com
*Attorney for Plaintiff Geraldine Robinson*